### BELL v. FLOYD.

PLEADINGS—AMENDMENTS—CAUSE OF ACTION—LIMITATION OF ACTIONS—SLANDER.—Amendments permitted to complaint for slander, held to be more definite statement of a cause of action already stated, and not a statement of a new cause of action after bar by statute.

Before KLUGH, J., Spartanburg, March, 1901.    Affirmed.

Action by T. J. Bell against A. G. Floyd.    From order sustaining demurrer to complaint, but permitting plaintiff to amend, defendant appeals on following exception:

"From that portion of the order allowing the complaint to be amended, the defendant gave due notice of appeal and does hereby appeal to this Court on the following ground, as made before the Circuit Court, to wit:

"The demurrer having determined that the complaint stated no cause of action for slander in favor of the plaintiff against the defendant, and the time in which he could bring such action having expired, his Honor, Judge Klugh, erred in allowing him to amend such a complaint by alleging a cause of action which had never been stated."

*Messrs. Nicholls & Jones,* for appellant, cite: *Under old system of pleading, allowing general demurrer ended case:* Bliss, sec. 413; 4 Rich., 22; 5 Brev., 356. *On main question:* 32 S. C., 142; 35 S. C., 367; 43 S. C., 220.

*Mr. H. E. DePass,* contra, cites: *Appeal is premature:* 52 S. C., 584. *On main question:* 5 L. R. A., 772, note; 50 L. R. A., 50; 1 L. R. A., 661. *Motion and not demurrer is remedy:* Pom. R. & R. Rights, secs. 601, 548, 549; 13 Ency. P. & P., 44; 19 W. N. Pa., 566; 5 Pa. Dist. R., 158; 33 Kan., 387; 59 S. C., 22, 256, 483; 54 S. C., 492; 53 S. C., 582; 22 S. C., 372.

June 19, 1902. The opinion of the Court was delivered by

MR. JUSTICE POPE. When this action was called for trial the defendant interposed an oral demurrer to the complaint, alleging that it failed to state a cause of action. The Circuit Judge sustained the demurrer on two grounds, but allowed the plaintiff to amend his complaint. From this allowance of amendment the defendant appealed, and the plaintiff gave notice that if the Court could not sustain the order for amendment, in that event he would ask this Court to sustain the complaint on the ground that a motion by defendant to require plaintiff to make his complaint more definite and certain, and not that of a demurrer, was the proper remedy.

The complaint was as follows, omitting caption: "The plaintiff, complaining of the defendant, alleges: That on the 25th day of February, 1899, at Spartanburg, the defendant,

A. G. Floyd, in the presence and hearing of J. B. Werts,
Charlie Dearman, J. M. Rudasail and a number of other persons, did falsely and maliciously slander the plaintiff, T. J.
Bell, 'that your father was a tolerably good man, but he
raised a set of rascals, rogues and thieves, and they will
steal,' whereby this plaintiff was injured in his character and
reputation to his damage three thousand dollars. Wherefore, plaintiff demands judgment against the defendant; A.
G. Floyd, for three thousand dollars and costs."

The action was begun on 25th of February, 1899. Its
trial was postponed by reason of a stroke of paralysis of
defendant in August, 1900. It came on in March, 1901.
The demurrer interposed by defendant on the ground that
the complaint did not state facts sufficient to constitute a
cause of action was as follows: "(1) That there was no
allegation that the plaintiff uttered or spoke the words set
out in the complaint. (2) That there was no allegation
that they were spoken of the defendant."

The "Case" contains the following: "The presiding Judge
sustained the demurrer on both points, the plaintiff opposing
said motion and noting an exception that the proper remedy
was by motion to make the complaint more definite and
certain, and not by demurrer. The plaintiff then moved to
be allowed to amend his complaint. The defendant opposed
his motion on the ground that the demurrer having been sustained on the ground that no cause of action for slander
having been stated in the complaint, and the two years
having expired in which such action for slander could be
brought, the Court could not permit an amendment to such,
which in effect allowed plaintiff to bring suit for said words
more than two years after they were uttered, if they were so
uttered. The Circuit Judge overruled the objection and
passed the following order: 'The above cause having come
before the Court for trial, the defendant interposed an oral
demurrer to the complaint on the ground: 1st. That there is
no allegation that the words were spoken or published by the
defendant; and 2d. That they are not alleged to have been

spoken of the plaintiff.    It appearing to the Court that both grounds are good, it is hereby ordered, that the demurrer be and is hereby sustained ; that the complaint be amended so as to show : 1st. That the words were spoken and published by the defendant ; and 2d. That they were spoken of the plaintiff.    And it is further ordered, that the complaint so amended be served on the defendant or his counsel within twenty days, and that the defendant have twenty days after the date of such service within which to answer the amended complaint if he shall be so advised.' "

We have reached the conclusion that the order of the Circuit Judge should be affirmed, thus rendering it unnecessary to pass upon the point raised by the respondent.    We would remark, that the matter of amendment of pleadings is very wisely confided to the discretion of the Circuit Judge.    In the case at bar, a little more definiteness—a little more certainty in the allegations of fact in the complaint—is all that is needed to give a well rounded cause of action, so far as the pleadings are concerned.    The Circuit Judge has provided in his order for these amendments to the complaint.    It is not a case where a new cause of action is set forth after the statute of limitations is a bar.

It is the judgment of the Court, that the judgment of the Circuit be affirmed, and that after the remittitur from this Court reaches the Circuit Court, then the plaintiff shall amend his complaint, and that twenty days after such amended complaint is served on defendant or his counsel, that the defendant shall answer the complaint, if he shall be so advised.